PUTNAM et al. v. TURNEY & JONES CO.

(Circuit Court, S. D. Ohio, W. D.    April 18, 1899.)

SALE OF BUSINESS—RIGHT TO BOOKS OF SELLER.
    A bill of sale made by a partnership to a corporation, which succeeded to its business, covering all its personal property and all its "rights, privileges, and choses in action," carries the right to the books of the firm.

On motion of the receiver to compel H. D. Turney to deliver to him the books of the firm of Turney & Jones on the ground that they are the property of the Turney & Jones Company.

Winston & Meagher, for complainant.
Outhwaite & Linn, for defendant.

TAFT, Circuit Judge.    By bill of sale dated the 28th of January, 1897, the firm of Turney & Jones, consisting of H. D. Turney and J. F. Jones, in consideration of $150,000, paid to the Turney & Jones Company, bargained, sold, granted, and conveyed to the Turney & Jones Company, its successors and assigns, the following described property, to wit: "All its rights, privileges, choses in action, leases, owned or contracted for by the said firm and partnership, and in which the said firm and partnership has any interest, present or to come, and all personal property of said firm and partnership, of all kind and description, and wheresoever situate; to have and to hold the same unto the said the Turney & Jones Company, its successors and assigns, forever."    I have no doubt, from the language of the bill of sale, that it did carry the books of the firm of Turney & Jones.    The affidavits which have been filed by employés of Turney & Jones do not in the slightest degree affect this conclusion.    The purport of them is that the books have always been in the custody of H. D. Turney.    As

H. D. Turney was the president of the Turney & Jones Company, and in the active management thereof, his possession was ambiguous. It might have been his own possession, or it might have been the possession of the company. As the bill of sale conveyed the books, it must be presumed that his custody was that of the company. The receiver makes affidavit that the books contain certain accounts which are necessary to him in the settlement of the estate of the Turney & Jones Company. I can readily understand why this should be so. An order has already been issued directing Mr. Turney to turn over the books to the receiver. The order was issued, however, without notice to Turney, and the receiver was directed to notify Turney's counsel that, if he desired to be heard, the order would be treated as an order nisi. The hearing has now been had. The evidence has been submitted. Upon that evidence I find that the books are the property of the Turney & Jones Company; that they were in the custody of H. D. Turney, as president of that company, at the time the bill herein was filed, and the receiver was appointed. It became the duty of H. D. Turney, therefore, to turn the books over to the receiver. He expresses an entire willingness to obey the order of the court, and a new order will be entered reciting the fact that the previous order was treated as an order nisi, and after a full hearing the court directs that H. D. Turney turn the books over to the receiver. The costs of this proceeding will be taxed to the fund.